IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| |
|---|
| UNITED STATES OF AMERICA, **Plaintiff** v. JOSÉ TOBAR-OTERO, **Defendant** |

CIVIL NO. 21-1223 (RAM)

## OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Mr. José Tobar-Otero's ("Petitioner") *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "*Petition*") as well as the United States' (the "Government") opposition thereto (the "*Opposition*"). (Docket Nos. 1 and 16). For the reasons set forth below, the *Petition* is **DENIED**.

### I. PROCEDURAL BACKGROUND

**A. Criminal Case No. 19-0453-3[2]**

On June 17, 2019, Petitioner was initially charged with four counts in a six-count indictment. (Docket No. 3). He ultimately pled guilty to two counts of the indictment charging him with

---

[1] Danielle Kim, a rising second-year law student, assisted in the preparation of this Opinion and Order.

[2] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 19-cr-0453-3. All subsequent references to the record will pertain to Civil Case No. 21-1223 unless stated otherwise.

"Possession of Firearms in Furtherance of a Drug Trafficking Crime (Aiding and Abetting)" ("Count One") in violation of 18 U.S.C. § 924(c)(1)(A)(i) and "Conspiracy to Possess with Intent to Distribute Controlled Substances" ("Count Three") in violation of 21 U.S.C. §§ 860, 846, and 841(b)(1)(C). (Docket Nos. 208-209, 407-408). As part of a "Plea and Forfeiture Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))" ("Plea Agreement"), the Government requested dismissal of the other counts, which was subsequently granted by the Court. (Docket Nos. 208 at 10; 407-408). Petitioner was sentenced to seventy-two (72) months as to Count One and twenty-four (24) months as to Count Three. (Docket No. 408).

### B. Civil Case No. 21-1223

On May 12, 2021, Petitioner filed the pending *Petition*. (Docket No. 1). The *Petition* is based on allegations of ineffective assistance of counsel and that a previous state conviction was relevant conduct to his federal conviction. Id. As to his ineffective assistance of counsel assertion, he alleges he pled guilty to seventy-two (72) months but received a ninety-six (96)-month sentence because of disagreements with his attorney. Id. at 4-6. He also claims his attorney was ineffective because even though she was instructed to file an appeal on Petitioner's behalf, she failed to do so. Id. at 5-6. Petitioner also argues he had mental retardation causing him to be unable to understand the legal proceedings. Id. Lastly, Petitioner alleges that facts in a

previous state conviction were relevant conduct to his federal conviction, thereby qualifying him for a concurrent sentence. Id. at 7.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in custody under a sentence imposed by a Federal Court may move to vacate, set aside, or correct his sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. A petitioner's request for relief under § 2255 must show that their sentence reveals "fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." Lebron-Martinez v. United States, 2021 WL 3609658, at *2 (D.P.R. 2021) (quotation omitted). Petitioners must establish by a preponderance of evidence that they are entitled to relief under § 2255. See Barreto-Rivera v. United States, 887 F. Supp. 2d 347, 358 (D.P.R. 2012) (citation omitted).

## III. ANALYSIS

### A. An Evidentiary Hearing Is Unnecessary

Petitioner did not request an evidentiary hearing in his *Petition*. (Docket No. 1 at 14). None is required. The First Circuit has held that "[e]videntiary hearings on § 2255 petitions are the

exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted). A hearing is unnecessary when the motion: "(1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Acevedo-Hernandez v. United States, 2021 WL 3134510, at *2 (D.P.R. 2021) (quotation omitted). The First Circuit has explained that evidentiary hearings are not warranted when a petitioner's claims, "even if true, do not entitle him to relief or when [his] allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." DeCologero v. United States, 802 F.3d 155, 167 (1st Cir. 2015) (quotation omitted)).

The *Petition* lacks any evidence of a conversation between Petitioner and his attorney pertaining to Petitioner's disagreement with a ninety-six (96) month sentence or the possible filing of the notice of appeal. Likewise, the *Petition* proffers no legal or factual support for Petitioner's contention that a purportedly diagnosed mental condition prevented him from understanding the legal proceedings. Generally, an evidentiary hearing is necessary in cases where a petitioner challenges the material facts in the Pre-Sentence Report ("PSR"). *See e.g.*, Acevedo, 2019 WL 3003904, at *4 (citing United States v. Cyr, 337

F.3d 96, 100 (1st Cir. 2003); United States v. Jimenez Martinez, 83 F.3d 488, 494-495 (1st Cir. 1996)). "If the challenges, however, are 'merely rhetorical and unsupported by countervailing proof' and lacking any 'evidence to rebut the factual assertions', the Court is entitled to rely on the facts set forth in the PSR." Acevedo, 2019 WL 3003904, at *4. Here, the PSR contains no mention of Petitioner's mental condition or alleged inability to understand the proceedings. (Criminal Case No. 19-0453-3, Docket No. 386). Lastly, Petitioner has proffered no evidence rebutting the facts set forth in the PSR. Consequently, the Court finds that these blanket statements are insufficient to satisfy the exceptional circumstances required to warrant an evidentiary hearing. Further, as stated below, the Court finds that even if Petitioner's allegations were true, his *Petition* lacks merit.

**B. As to Ineffective Assistance of Counsel**

Pursuant to the test set forth in Strickland v. Washington, Petitioner can prevail in a claim for ineffective assistance of counsel, provided he shows: "[1] that his 'counsel's representation fell below an objective standard of reasonableness' and [2] that such deficiency prejudiced him." Camacho-Santiago v. United States, 2021 WL 813212, at *7 (D.P.R. 2021) (quoting Feliciano-Rodríguez v. United States, 986 F.3d 30, 36 (1st Cir. 2021)). Either prong of the Strickland standard can be addressed first, and failure to satisfy either is fatal. *See* United States

v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (abrogation on other grounds recognized by United States v. Faust, 853 F.3d 39 (1st Cir. 2017)).

Strickland's first prong is met in cases where "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 669 (1984). Notably, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Likewise, the Court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Casey v. United States, 2021 WL 1821899, at *2 (D.P.R. 2021) (quoting Rossetti v. United States, 773 F.3d 322, 327 (1st Cir. 2014)). Therefore, an attorney's performance can be found deficient only where "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it[.]" Feliciano-Rodríguez, 986 F.3d at 37 (quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)).

As to the second Strickland prong, Petitioner can only meet it by showing that his counsel's actions resulted prejudicial to him. See Strickland, 466 U.S. at 691-692. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The First Circuit has further specified that, "[t]o demonstrate prejudice,

[Petitioner] must 'show a reasonable probability that the end result of the criminal process would have been more favorable' but for defense counsel's deficient performance." Carrigan, 724 F.3d at 44 (quoting Missouri v. Frye, 566 U.S. 134, 147 (2012)). Strickland also applies to representations outside of the trial setting, including plea bargains, sentence, and appeal. See Escoto-Lugo v. United States, 2020 WL 5659509, at *3 (D.P.R. 2020) (collecting cases).

**1. Petitioner received the sentence he pled guilty to**

Petitioner argues he requested a seventy-two (72) month sentence and discussed this with his attorney. (Docket No. 1 at 4). However, his contentions are contradicted by the record. As stated above, Petitioner entered a Plea Agreement with the Government. (Docket No. 16-2). For Count One, the parties agreed that Petitioner could request a sentence of no less than seventy-two (72) months, while the Government could request up to one hundred and eight (108) months. Id. at 6. As to Count Three, the parties agreed that Petitioner could request a sentence at the lower end of the guideline range, while the Government could request a sentence at the higher end. Id. at 6. Based on a total offense level of thirteen (13) and a criminal history category of four, the guideline range for Count Three was from twenty-four (24) to thirty (30) months. (Docket No. 16-4 at 17). Thus, the minimum sentence Petitioner could have pled guilty to was ninety-

six (96) months. Id. at 6.

The United States District Court for the District of Puerto Rico has held that "[a] plea constitutes 'a grave and solemn act to be accepted only with care and discernment.'" United States v. Rivera-Berney, 876 F. Supp. 2d 128, 131 (D.P.R. 2012) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). In turn, it is well established that plea agreements should be interpreted according to contract law principles. See e.g., United States v. O'Farrill-López, 991 F.3d 45, 48 (1st Cir. 2021) ("Courts interpret plea agreements according to traditional contract-law principles.") (citing Garza v. Idaho, 139 S.Ct. 738, 744 (2019)). The First Circuit has also held that "[a] plea agreement is akin to a contract, 'binding upon the prosecution and the defense alike.'" United States v. Rivera-Rodriguez, 489 F.3d 48, 59 (1st Cir. 2007) (quoting United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001)). Therefore, "[d]efendants ordinarily should be held to plea-agreement terms that they knowingly and voluntarily accept," and here, Petitioner has not shown he signed the plea agreement involuntarily or unknowingly. See United States v. Diaz-Sanchez, 561 F. Supp. 2d 154, 156 (D.P.R. 2008) (quoting Teeter, 257 F.3d at 28).

Instead, Petitioner maintained he had read the Plea Agreement, carefully reviewed every aspect of it with his attorney, and received a Spanish translation of the same. (Docket No. 16-2

at 11). At the sentencing hearing, Petitioner was present when his attorney requested a sentence of seventy-two (72) months for Count One and twenty-four (24) months for Count Three. (Docket No. 16-4 at 12). Tellingly, immediately after his attorney made this request, the Court asked Petitioner whether he wished to make a statement. Id. Petitioner expressed no objections regarding his attorney's request for a sentence of ninety-six (96) months. Id. at 12. "In short, [Petitioner] got what he bargained for." Lebrón-Martínez, 2021 WL 3609658, at *7 (quotation omitted).

### 2. Petitioner's attorney did not render ineffective assistance by not filing an appeal on his behalf

Petitioner alleges his attorney rendered ineffective assistance because she failed to file a notice of appeal despite Petitioner's request she do so. (Docket No. 1 at 4-6). In terms of a request to file an appeal, Strickland's first prong is met "if the attorney either 'disregards specific instructions from the defendant to file a notice of appeal' or fails (under certain circumstances) to consult with defendant about an appeal." Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)). Specifically, an attorney must consult "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel he

was interested in appealing." Id. at 16. The Supreme Court has explained that "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover defendant's wishes." Flores-Ortega, 528 U.S. at 478. Lastly, the Supreme Court has furnished the following factors for lower courts to consider when determining whether counsel provided ineffective assistance:

> [a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id. at 480.

As to the second Strickland prong, the Supreme Court has stated that "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant on the merits of his underlying claims.'" Garza, 139 S.Ct. at 742 (quoting Flores-Ortega, 528 U.S.

at 484). Thus, a defendant whose attorney fails to carry out a constitutionally imposed duty to consult with them about an appeal is entitled to a presumption of prejudice. *See* Flores-Ortega, 528 U.S. at 483. In Garza, the Supreme Court also held that this presumption of prejudice applies irrespective of whether the defendant signed an appeal waiver. *See* Garza, 139 S.Ct. at 742.

Notably, petitioners must provide evidence that they requested their attorney to file a notice of appeal to show ineffective assistance of counsel. For example, in Garza, the Supreme Court held that defense counsel provided a deficient performance by not filing a notice of appeal in light of the defendant's clear requests, evinced by an affidavit and a record of communications between the defendant and his attorney pertaining to the filing of an appeal. *See* Garza, 139 S.Ct. at 743. Moreover, even in cases post-Garza, courts have been reluctant to find ineffective assistance of counsel when a petitioner has proffered only general allegations that he requested his counsel file a notice of appeal. *See e.g.*, Escoto-Lugo, 2020 WL 5659509, at *4 ("Mere allegations are insufficient to support Petitioner's contentions that he actually instructed counsel to file a notice of appeal.").

As previously referenced, under the first prong of the Strickland test, the Flores-Ortega Court distinguished between two scenarios: (1) a petitioner clearly requested counsel to file an

appeal; and (2) a petitioner's wish to file a notice of appeal was not clearly conveyed to counsel. *See* Flores-Ortega, 528 U.S. at 477-478. Here, Petitioner maintains he instructed his attorney to appeal his sentence, but she refused. (Docket No. 1 at 6). However, Petitioner fails to specify when he purportedly asked his attorney to do so. Rather, his allegations are generic and lack any evidence as to whether the instruction to appeal ever took place. This is insufficient to show that he actually requested his counsel file a notice of appeal on his behalf. *See e.g.*, Pedroso-González v. United States, 2020 WL 3640525, at *5 (D.P.R. 2020) (finding that petitioner did not clearly request his attorney to file an appeal where he offered no evidence in support of his request). As Petitioner's allegations are unfounded and cannot support the first scenario, the Court moves onto the second scenario.

Under the second scenario described in Flores-Ortega, the evaluation turns to whether Petitioner's attorney complied with her duty to "consult" with Petitioner. *See* Flores-Ortega, 528 U.S. at 478. As stated before, claims of ineffective assistance of counsel for failure to file a notice of appeal that are unsupported by evidence are insufficient to show a reasonable showing of interest in filing an appeal. *See e.g.*, Escoto-Lugo, 2020 WL 5659509, at *5; Pedroso-González, 2020 WL 3640525, at *5. Thus, when analyzing whether counsel had a constitutionally imposed duty to consult, the Court must examine whether "a rational defendant

would want to appeal[.]" Flores-Ortega, 528 U.S. at 480.

Here, Petitioner pled guilty to an agreed-upon total sentence recommendation between ninety-six (96) months up to one hundred and thirty-eight (138) months of imprisonment. (Docket No. 16-2 at 6). In Count One, he had exposure of up to life in prison and a potential consecutive forty (40) years of imprisonment in Count Three. (Docket No. 16-3 at 20-21). Petitioner's attorney argued for the minimum sentence while the federal prosecutor requested the maximum. (Docket No. 16-4 at 12-13). The Court sentenced Petitioner to precisely what he and his attorney requested, *i.e.* ninety-six (96) months. (Criminal Case No. 19-0453-3, Docket No. 408). As Petitioner was sentenced to the minimum prison term of the joint recommendation in the Plea Agreement, the record **does not** support a situation where a "rational defendant would want to appeal." *See e.g.*, Zanuccoli v. United States, 459 F. Supp. 2d 109, 112 (D. Mass. 2006) (finding petitioner's claim that he instructed his counsel to appeal his sentence, but counsel failed to do so, "highly implausible" given that the "[p]etitioner had no reason to appeal his sentence, because he received *exactly* the sentence agreed upon in his plea bargain.") (emphasis in original).

Furthermore, the parties' Plea Agreement contained a waiver of appeal clause stating that "[t]he defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is one hundred and twenty-nine (129) months *or less*, the

defendant waives the right to appeal any aspect of this case's judgment and sentence[.]" (Docket No. 16-2 at 7) (emphasis added). The Court also ensured Petitioner understood the charges he was facing and the sentence he was potentially exposed to at the change of plea hearing. (Docket No. 16-3 at 18-21). As to Petitioner's rights on appeal, the Court clearly asked Petitioner: "[d]o you understand that if I do sentence you according to the terms, conditions, and recommendations contained in your plea agreement, you waive and give up your right to appeal your sentence and the judgment in the case?" Id. at 17. Petitioner then testified he understood. Id. Taking these facts into account, the Court finds that a "rational defendant" would not want to appeal the sentence.

Thus, under both scenarios in Flores-Ortega, Petitioner's attorney did not fall "below an objective standard of reasonableness." Consequently, the Court finds that even if Petitioner's allegations are true, his *Petition* as to his ineffective assistance of counsel claim is meritless and the Court need not examine the second Strickland prong.

### 3. Petitioner failed to evince he had a mental condition preventing him from understanding the legal proceedings

The *Petition* likewise argues that Petitioner has a "mental retardation diagnosis" and therefore did not understand any aspect of the legal proceedings. (Docket No. 1 at 5). A presumption of truthfulness applies to statements in the context of a guilty plea.

This varies when "the allegations in the § 2255 Petition are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." Burton v. United States, 495 F. Supp. 3d 62, 74 (D. Mass. 2020), appeal dismissed, 2021 WL 1604673 (1st Cir. 2021) (citing United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984)). As a result, "[o]rdinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea. **They are more likely to be reliable than later versions prompted by second thoughts[.]**" United States v. Padilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003) (emphasis added).

At the change of plea hearing, Petitioner stated he had not been treated recently for any type of mental illness, had not been treated for any addiction to any type of narcotic drug, and was not under the influence or had drunk any alcoholic beverage within twenty-four (24) hours of the hearing. (Docket No. 16-3 at 5-6). The Court directly asked his counsel if she had any doubts as to her client's competence to plead to which she responded "none." Id. at 6. The Court also inquired extensively as to Petitioner's understanding of various aspects of the proceedings and Petitioner affirmed that he understood the proceedings. Id. at 8-12. The Court's questioning of Petitioner at the beginning of the change of plea hearing, and Petitioner's responses, are subject to the

presumption of truthfulness because they were part of the Fed. R. Crim. P. 11 plea colloquy. *See e.g.*, Burton, 495 F. Supp. 3d at 74; Baerga-Suarez v. United States, 30 F. Supp. 3d 91, 103 (D.P.R. 2014) (citation omitted). Petitioner has offered no credible reasons or evidence as to why the Court should disregard his previous representations.

Finally, as the Government's *Opposition* correctly notes, the *Petition* contains "no reference to a particular diagnosis, nor the inclusion of, or an allusion to, medical records supporting the allegation. There is even no specificity as to what exactly [Petitioner] did not understand." (Docket No. 16 at 12). Additionally, the mental and emotional health portion of the PSR specifically states that Petitioner reported no history of a mental health condition. (Criminal Case No. 19-0453-3, Docket No. 386 at 18). Thus, the Court finds this argument to be meritless.

### C. As to Relevance of Facts in a Previous State Conviction to Federal Charges

Petitioner argues that facts underlying a previous state conviction were relevant conduct to the charges in the present case, which would have qualified him for concurrency. (Docket No. 1 at 7). This issue is mentioned but not developed in the *Petition*. Id. Petitioner also provides no evidence to support this argument. Id. Conclusory allegations unaccompanied by any legal or factual support are deemed waived. *See* Carbajal-Valdez v. United States,

2022 WL 772867, at *4 (D.P.R. 2022) (citing <u>United States v. Jiménez</u>, 498 F3d. 83, 88 (1st Cir. 2007)). Thus, the Court deems this ground to be waived for lack of argumentation.

### IV. CONCLUSION

For the foregoing reasons, Petitioner José Tobar-Otero's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* at Docket No. 1 is **DENIED**. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit in accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of dismissal **WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August 2022.

<u>S/ RAÚL M. ARIAS-MARXUACH</u>
United States District Judge